# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| MAXIDE ACQUISITION, INC., *et al.*, | Case No. 05-10429 (MFW) |
| Debtors. | (Jointly Administered) |
| EDWARD P. BOND, AS TRUSTEE OF THE DMX CREDITORS LIQUIDATION TRUST, | Adv. Proc. No. 07-50662 (CSS) |
| Plaintiff, | |
| v. | |
| PARAMOUNT PICTURES, | |
| Defendant. | |

## BRIEF IN SUPPORT OF DEFENDANT'S (i) MOTION TO WITHDRAW REFERENCE OF ADVERSARY PROCEEDING TO BANKRUPTCY COURT AND (ii) MOTION TO DETERMINE CORE STATUS OF ADVERSARY PROCEEDING

Dated:  May 25, 2007

PEPPER HAMILTON, LLP
Henry Jaffe (Del. Bar No. 2987)
James C. Carignan (Del. Bar No. 4230)
1313 Market Street
Post Office Box 1709
Wilmington, Delaware 19899-1709
Telephone:  (302) 777-6575
carignanj@pepperlaw.com

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Edward T. Attanasio (Cal. Bar No. 119485)
Matthew C. Heyn (Cal. Bar No. 227474)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-5061
Telephone: (310) 407-4000

Counsel for Paramount Pictures Corporation

# TABLE OF CONTENTS

**Page**

I.     NATURE AND STAGE OF PROCEEDINGS…………………………………………… 1

II.    SUMMARY OF ARGUMENT …………………………………………………….…... 1

III.   PROCEDURAL BACKGROUND AND FACTS ………………………………………2

IV.    LEGAL ARGUMENT ………………………………………………………………….. 4

     A.     PARAMOUNT HAS THE RIGHT TO A JURY TRIAL ………………………. 5

     B.     THE BANKRUPTCY COURT MAY NOT CONDUCT A TRIAL IN
           THIS MATTER …………………………………………………………………… 6

     C.     MOTION TO WITHDRAW THE REFERENCE HAS BEEN TIMELY
           FILED ……………………………………………………………………………… 7

V.     CONCLUSION ………………………………………………………………………..8

## TABLE OF AUTHORITIES

Page

**Federal Cases**

Beard v. Braunstein,
    914 F.2d 434 (3d Cir. 1990) ...................................................................... 4, 7

Ben Cooper, Inc. v. Insurance Co. of Pa. (In re Ben Cooper, Inc.),
    896 F.2d 1394 (2nd Cir.), cert. granted, 497 U.S. 1023,
    vacated and remanded, 498 U.S. 964 (1990),
    opinion reinstated on remand, 924 F.2d 36 (2$^d$ Cir.) (1991) .................................... 7

Goldstein v. K-Swiss, Inc. (In re Just For Feet, Inc.),
    2002 WL 550035, 2002 Bankr. LEXIS 330 (Bankr. D. Del. April 9, 2002) ....................... 4, 6

In re Grabill Corp.,
    967 F.2d 1152 (7th Cir. 1992) ...................................................................... 6

Granfinanciera S.A. v. Nordberg,
    492 U.S. 33, 109 S. Ct. 2782 (1989) ............................................................... 5

Gumport v. Growth Financial Corp (In re Transcom Lines),
    121 B.R. 837 (C.D. Cal. 1990) ..................................................................... 4

Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),
    911 F.2d 380 (10th Cir. 1990) ...................................................................... 7

Langenkamp v. Culp,
    498 U.S. 42, 111 S. Ct. 330 (1990) .............................................................. 2, 5

M. Sobel, Inc. v. Weinstein (In re Weinstein),
    237 B.R. 567 (Bankr. S.D.N.Y. 1999).............................................................. 7

NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.),
    203 B.R. 905 (D. Del. 1996)..................................................................... 4, 6, 7

Official Committee of Unsecured Creditors v. Schwartzman
    (In re Stansbury Poplar Place, Inc.),
    13 F.3d 122 (4th Cir. 1993) ........................................................................ 6

Rafoth v. National Union Fire Insurance Co. (In re Baker & Getty Finance Services Inc.),
    954 F.2d 1169 (6th Cir. 1992) ...................................................................... 7

Taxel v. Electronic Sports Research (In re Cinematronics, Inc.),
    916 F.2d 1444 (9th Cir. 1990) ...................................................................... 7

In re United Missouri Bank of Kansas City, N.A.,
    901 F.2d 1449 (8th Cir. 1990) ...................................................................... 7

**Statutes**

28 U.S.C. § 157(a) ..................................................................................................................4

28 U.S.C. § 157(b)(1) ............................................................................................................2

28 U.S.C. § 157(b)(2) ............................................................................................................2

28 U.S.C. § 157(b)(2)(F) .......................................................................................................5

28 U.S.C. § 157(d) .............................................................................................................1, 4

28 U.S.C. § 157(e) .............................................................................................................1, 2

28 U.S.C. §§ 1334(a), (b) .....................................................................................................4

**Rules**

Local. R. Bankr. D. Del. 5011 ...............................................................................................2

Fed. R. Bankr. P. 9015...........................................................................................................6

Fed. R. Bankr. P. 9015(b).......................................................................................................2

**Treatises**

1 COLLIER ON BANKRUPTCY (15th ed. rev. 2006) ...............................................................7

## I.

## NATURE AND STAGE OF PROCEEDINGS

On February 12, 2007, the above-captioned plaintiff filed the "Complaint to Avoid Transfers Pursuant to 11U.S.C. §§ 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d). Concurrently herewith, the above-captioned defendant, Paramount Pictures Corporation ("Paramount"), is filing its Answer to the Complaint. Also concurrently herewith, Paramount is filing: (i) "Paramount Picture Corporation's Motion to Withdraw Reference of Adversary Proceeding to the Bankruptcy Court" and (ii) "Paramount Picture Corporation's Motion to Determine Core Status of Adversary Proceeding," pursuant to which defendant has requested entry of an order withdrawing the reference of the above-captioned adversary proceeding (the "Adversary Proceeding") to the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), so that the Adversary Proceeding may be heard by the District Court for the District of Delaware (the "District Court") and entry of an order finding that the Adversary Proceeding is a core matter within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Rule 7.1.2 of the Local Rules of the District Court for the District of Delaware, Paramount respectfully submits this Brief in support of these motions.

## II.

## SUMMARY OF ARGUMENT

Where a defendant has a right to a trial by jury and has demanded such a trial before the District Court, cause exists under 28 U.S.C. § 157(d) to withdraw the reference of the adversary proceeding. This is just such a case.

1.    The complaint filed by the Liquidating Trustee, Edward P. Bond, (the "Trustee") in the Adversary Proceeding contains counts seeking the avoidance and repayment of transfers made to Paramount by Maxide Acquisitions Inc. or its direct or

1

indirect subsidiaries (collectively, the "Debtors"). <u>See</u> Complaint (attached as Exhibit 1 hereto).

2.      Pursuant to <u>Langenkamp v. Culp</u>, 498 U.S. 42, 111 S. Ct. 330 (1990), Paramount is entitled under the Seventh Amendment to the Constitution to a jury trial on the action.  Paramount did not file a proof of claim in Debtor's bankruptcy case and therefore did not submit itself to the equitable jurisdiction of the Bankruptcy Court. <u>Id.</u> at 45.  In its Answer to the Complaint of even date herewith, Paramount has requested a trial by jury and stated that it does not consent to such a trial before a bankruptcy judge. <u>See</u> Answer (attached as Exhibit 2 hereto).  Accordingly, the trial of this matter must be conducted before a District Court judge. <u>See</u> 28 U.S.C. § 157(e); Fed. R. Bankr. P. 9015(b).[1]

### III.

### PROCEDURAL BACKGROUND AND FACTS

Court records reflect that on February 14, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief in the Bankruptcy Court.  The Bankruptcy Court's records also reflect that on June 27, 2006, the Bankruptcy Court entered its "Order Confirming Plan of Liquidation of Maxide Acquisition, Inc., AEI Music Network, Inc., Maxide Music, Inc. (f/k/a DMX Music, Inc.) and Tempo Sound, Inc. under Chapter 11 of the Bankruptcy Code" (the "Confirmation Order").  Pursuant to that order, claims

---

[1]     Defendant acknowledges that the claims asserted in the Adversary Proceeding constitute "core" claims within the meaning of 28 U.S.C. § 157(b)(2) and has filed a motion requesting an order regarding the core status of the claims in accordance with Del. Bankr. L.R. 5011-1.  Plaintiff has alleged in his complaint that this Adversary Proceeding is a core matter.  Although core status often may indicate that a bankruptcy judge may hear and determine a matter, <u>see</u> 28 U.S.C. § 157(b)(1), Defendant's Seventh Amendment right to a jury trial on these claims, and its lack of consent to a jury trial before the bankruptcy judge, are dispositive here of the ability of the Bankruptcy Court to adjudicate this matter. <u>See</u> 28 U.S.C. § 157(e).

2

for certain avoidance actions were transferred to the DMX Creditors Liquidating Trust for prosecution.

Paramount is a corporation with its principal place of business in Los Angeles, California. Paramount did not file a proof of a claim in the Debtors' bankruptcy and is not listed as a creditor of any of the Debtors. On February 12, 2007, the Trustee filed its "Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502(d)" (the "Complaint"), thereby commencing the Adversary Proceeding. The Complaint alleges that within the 90 days prior to the Petition Date, one or more of the Debtors made four preferential payments to Paramount totaling at least $610,461.25. The Complaint further alleges that those same four payments may also be avoided as constructively fraudulent because the transferring Debtor did not receive reasonably equivalent value and (a) was insolvent at the time of the transfer, (b) was about to engage in a business transaction that would cause them to be insolvent and (c) believed that it would incur debts beyond the Debtor's ability to pay those debts.[2]

On May 25, 2007, Paramount filed its Answer, denying many allegations of the Complaint, asserting affirmative defenses, demanding a jury trial on the claims asserted by the Trustee, and specifically stating that it does not consent to a jury trial before the bankruptcy judge. Paramount has not filed any proof of claim in the Debtors' bankruptcy proceedings.

**IV.**

---

[2]  The Complaint also included a count to avoid post-petition transfers under 11 U.S.C. § 549. As the Complaint does not allege the existence of a post-petition transfer (indeed, there was no such transfer), the Complaint fails to state a cause of action under 11 U.S.C. § 549. The Complaint also included a count to disallow Paramount claims pursuant to 11 U.S.C. § 502(d). As the Complaint does not allege that such a claim exists (indeed, no proof of claim was filed), the Complaint fails to state a cause of action under 11 U.S.C. § 502(d).

## LEGAL ARGUMENT

The federal district courts have original and exclusive jurisdiction over all cases under title 11 of the United States Code (the "Bankruptcy Code"), as well as original, but non-exclusive jurisdiction over all proceedings "arising under" the Bankruptcy Code or "arising in or related to" a case under the Bankruptcy Code. 28 U.S.C. §§ 1334(a) & (b). Each district court is authorized to refer all such matters to the bankruptcy courts. 28 U.S.C. § 157(a). The district courts likewise may withdraw the reference of any case or proceeding to the bankruptcy court upon the filing of a timely motion requesting withdrawal, and a showing of "cause." See 28 U.S.C. § 157(d).

"Cause" is not defined in the statute. Most courts have held, however, that cause exists to withdraw a matter where the defendant has a right to a jury trial and has not consented to the conduct of such a trial by a bankruptcy judge. See Goldstein v. K-Swiss, Inc. (In re Just For Feet, Inc.), 2002 WL 550035, 2002 Bankr. LEXIS 330 (Bankr. D. Del. April 9, 2002) (preference action) (opinion attached as Exhibit 3 hereto); see also Beard v. Braunstein, 914 F.2d 434, 442-443 (3$^d$ Cir. 1990) (directing withdrawal of reference where there was a Seventh Amendment jury trial right); NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.), 203 B.R. 905, 913 (D. Del. 1996) (citing jury trial right as a ground for withdrawal). The right to a jury trial, and the inability of the bankruptcy judge to conduct the trial, are closely related to concerns of judicial economy, which also favor withdrawal. Gumport v. Growth Financial Corp (In re Transcom Lines), 121 B.R. 837, 838 (C.D. Cal. 1990) ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issue presented in this litigation.").

As demonstrated below, Paramount has a right to a jury trial in this Adversary Proceeding. As Paramount has asserted its jury trial right and has stated that it does not consent to a trial in the Bankruptcy Court, withdrawal of the reference is warranted.

4

## A.    PARAMOUNT HAS THE RIGHT TO A JURY TRIAL.

The United States Supreme Court has held that creditors who have not filed proofs of claim against a debtor's estate have not submitted themselves to the bankruptcy court's equitable jurisdiction and are therefore entitled, upon demand, to a jury trial on a preference complaint. Specifically, the Supreme Court held:

> In Granfinanciera we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor creditor relationship through the bankruptcy court's equity jurisdiction. As such, there is no Seventh Amendment right to a jury trial. If a party does not submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial.

Langenkamp v. Culp, 498 U.S. at 44-45 (internal citations omitted) (emphasis added). The Supreme Court reached this conclusion notwithstanding the fact that preference actions are classified as "core matters," arising under the Bankruptcy Code, pursuant to 28 U.S.C. § 157(b)(2)(F).  See id.; see also Granfinanciera S.A. v. Nordberg, 492 U.S. 33, 36, 109 S. Ct. 2782 (1989) (holding that there is a jury trial right on a fraudulent transfer claim "notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings' in 28 U.S.C. 157(b)(2)(H)").

The Complaint in this adversary proceeding pleads nothing more than an action to avoid and recover alleged preferences. Paramount has not filed a proof of claim in this case and therefore has not submitted itself to the equitable jurisdiction of the Bankruptcy Court. Accordingly, under Langenkamp v. Culp, Paramount has a right under the Seventh Amendment to the United States Constitution to a jury trial on the complaint. See, e.g., Goldstein v. K-Swiss, Inc. (In re Just For Feet, Inc.), 2002 Bankr. LEXIS 330

at *1-*2 (applying Lagenkamp v. Culp to preference complaint and holding that withdrawal of the reference was warranted).

### B. THE BANKRUPTCY COURT MAY NOT CONDUCT A TRIAL IN THIS MATTER.

Pursuant to 28 U.S.C. § 157(e), a bankruptcy judge may conduct a jury trial in a matter that generally may be heard by the bankruptcy judge, only "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." See also, Fed. R. Bankr. P. 9015. This requirement is not satisfied here. In its answer filed concurrently herewith, Paramount has asserted its right to a trial by jury and stated that it does not consent to such a trial before the bankruptcy court. Accordingly, the bankruptcy court is without authority to conduct such a trial. See In re NDEP Corp., 203 B.R. at 914 ("Because the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and because this court has not made a special designation of jurisdiction, the bankruptcy court is not statutorily empowered to hold a jury trial in this matter. For this reason alone withdrawal is compelled.")

As 28 U.S.C. § 157(e) reflects, the fact that a proceeding is one that a bankruptcy judge ordinarily may hear and consider is insufficient to permit a bankruptcy judge to conduct a jury trial in that proceeding. All but one of the circuit courts that addressed the issue prior to enactment of this statute held that bankruptcy judges could not conduct jury trials, even over "core" matters. Official Comm. of Unsecured Creditors v. Schwartzman (In re Stansbury Poplar Place, Inc.), 13 F.3d 122 (4th Cir. 1993); In re Grabill Corp., 967 F.2d 1152 (7th Cir. 1992); In re United Missouri Bank of Kansas City, N.A., 901 F.2d 1449, 1453 (8th Cir. 1990); Taxel v. Electronic Sports Research (In re Cinematronics, Inc.), 916 F.2d 1444 (9th Cir. 1990); Rafoth v. National Union Fire Ins. Co. (In re Baker & Getty Fin. Servs. Inc.), 954 F.2d 1169 (6th Cir. 1992); Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.), 911 F.2d 380 (10th Cir. 1990). The one Court of Appeals to rule

that a bankruptcy court could conduct a trial in a core matter,[3] irrespective of the consent of the parties, subsequently was overruled by the legislative enactment of 28 U.S.C. § 157(e).  See M. Sobel, Inc. v. Weinstein (In re Weinstein), 237 B.R. 567 (Bankr. S.D.N.Y. 1999).

While the Third Circuit Court of Appeals expressly did not decide whether a bankruptcy court may conduct a jury trial in a core matter in Beard v. Braunstein, 914 F.2d 442 (3d Cir. 1990), that decision likewise preceded enactment of 28 U.S.C. § 157(e).  Courts have interpreted the enactment of section 157(e), which does not distinguish between core and non-core proceedings, to require the consent of all parties for a bankruptcy court to conduct a jury trial.  See In re NDEP Corp., 203 B.R. at 914; see also 1 COLLIER ON BANKRUPTCY ¶ 3.08[3](15th ed. rev. 2006) ("[T]he parties must agree to a jury trial by the bankruptcy judge.  The consent requirement eliminates the constitutional issue addressed earlier . . . and cuts back on the Second Circuit's holding in Ben Cooper that bankruptcy courts may hold jury trials in core matters even absent the consent of the parties.")  Without the consent of the Paramount, the bankruptcy court simply cannot conduct a trial in this Adversary Proceeding.

## C.    MOTION TO WITHDRAW THE REFERENCE HAS BEEN TIMELY FILED.

A motion to withdraw the reference must be "timely."    28 U.S.C. § 157(d).  Paramount has filed this Motion on the same day that it filed its Answer to the Complaint.  There has been no delay in the assertion of the right to seek withdrawal of the reference.  Paramount respectfully submits, therefore, that this Motion is timely filed.

## V.

---

[3]    Ben Cooper, Inc. v. Insurance Co. of Pa. (In re Ben Cooper, Inc.), 896 F.2d 1394 (2d Cir.), cert. granted, 497 U.S. 1023, vacated and remanded, 498 U.S. 964 (1990), opinion reinstated on remand, 924 F.2d 36 (2d Cir.) (1991).

7

## CONCLUSION

As demonstrated above, Paramount has a right under the Seventh Amendment to the United States Constitution to a trial by jury in this Adversary Proceeding. The Bankruptcy Court has not been specially designated to conduct jury trials and Paramount does not consent to a trial in the Bankruptcy Court. The Bankruptcy Court, therefore, is without authority to conduct the trial in this matter. Therefore, the Court should enter an order withdrawing the reference of the above-captioned adversary proceeding to the United States Bankruptcy Court for the District of Delaware, and providing that the Adversary Proceeding by heard by the District Court.

Dated:  May 25, 2007                    Respectfully submitted,

PEPPER HAMILTON, LLP
Henry Jaffe (Del. Bar No. 2987)
James C. Carignan (Del. Bar No. 4230)
1313 Market Street
Post Office Box 1709
Wilmington, Delaware 19899-1709
Telephone:  (302) 777-6575
Facsimile:  (302) 421-8390

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Edward T. Attanasio (Cal. Bar No. 119485)
Matthew C. Heyn (Cal. Bar No. 227474)
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-5061
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

Counsel for Paramount Pictures Corporation

#8586012 v5

8

## **APPENDIX**

Goldstein v. K-Swiss, Inc. (In re Just For Feet, Inc.), No. 99-4110, Fitzgerald, J.,
2002 WL 550035 (Bankr. D. Del. Apr. 4, 2002) ………………………………………A-1

Westlaw.

Not Reported in B.R.                                                                                         Page 1

Not Reported in B.R., 2002 WL 550035 (Bkrtcy.D.Del.)
**(Cite as: Not Reported in B.R.)**

**H**
In re Just for Feet, Inc.
Bkrtcy.D.Del.,2002.
Only the Westlaw citation is currently available.
United States Bankruptcy Court, D. Delaware.
In re: JUST FOR FEET, INC., et al., Debtors
Charles R. GOLDSTEIN, Chapter 7 Trustee
Plaintiff,
v.
K-SWISS, INC. Defendant
**No. 99-4110, 99-4111, 99-4112, 99-4113, 99-4114,**
**99-4115, 99-4116, 99-4117, 01-08306(JKF).**

April 4, 2002.

John T. Carroll III, Esquire, Martin T. Fletcher,
Esquire for Plaintiff Charles R. Goldstein, Chapter
7 Trustee.
Joseph Grey, Esquire, Mitchell A. Karlan, Esquire
for Defendant K-Swiss, Inc.

RECOMMENDATION AND ORDER
FITZGERALD, Bankruptcy J.
*1 The Chapter 7 Trustee filed a complaint against
Defendant K-Swiss Inc. to avoid preferential
transfers and to recover property pursuant to 11
U.S.C. § 547. In response, K-Swiss, Inc., filed three
pleadings: (1) Answer and Jury Trial Demand; (2)
Motion for Determination of Core Status; and (3)
Motion to Withdraw the Reference to the
Bankruptcy Court. The parties agree and the court
finds that this avoidance action is a core proceeding
pursuant to 28 U.S.C. § 157(b)(2)(F). Thus, the
court will address the Jury Trial Demand, the
Chapter 7 Trustee's motion to strike the jury trial
demand, and the Motion to Withdraw the Reference.

*I. Jury Trial Demand*

The U.S. Supreme Court has held that " 'a
creditor's right to a jury trial on a bankruptcy
trustee's preference claim depends upon whether the

creditor has submitted a claim against the estate." '
*Langenkamp v. Culp,* 498 U.S. 42, 45 (1990),
rehearing denied, 498 U.S. 1043 (1990), quoting
*Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58
(1989). Specifically, if a creditor files claims
against the bankruptcy estate and is then met with a
preference action from the trustee, that action
becomes part of the claims allowance process which
is triable only in equity. *Langenkamp v. Culp,* 498
U.S. at 44. Thus, there is no Seventh Amendment
right to a jury trial. *Id.* If, however, the creditor has
not filed a claim against the debtor's estate, the
creditor is entitled to a jury trial on the issue of
whether the payments constituted an avoidable
preference. *Id.* This exception is intended for
individuals who have not filed claims but from
whom the trustee seeks to recover an allegedly
fraudulent or preferential transfer.

Similarly, the Third Circuit Court of Appeals has
held that by submitting a proof of claim to the
debtor's estate, the creditors effectively waive their
right to a jury trial and instead submit themselves to
the equitable jurisdiction of the bankruptcy court.
*See Billing v. Ravin, Greenberg & Zackin, P.A.,* 22
F.3d 1242 (3d. Cir.), *cert. denied* 513 U.S. 999
(1994); *Travellers International AG v. Robinson,*
982 F.2d 96, 98 (3d. Cir.1992), *cert. denied* 507
U.S. 1051 (1993). A creditor who files a proof of
claim against the bankruptcy estate " 'triggers the
process of 'allowance and disallowance of claims',
thereby subjecting himself to the bankruptcy court's
equitable power" '. *In re Heater,* 261 B.R. 145, 148
(Bankr.W.D.Pa.2001), quoting *Langenkamp,* 498
U.S. at 44. In other words, if that creditor later
becomes a defendant in a preference action in which
it would normally have a right to a jury trial, that
action becomes part of the claims allowance process
and is triable only in equity. *In re Heater,* 261 B.R.
at 148. If, however, the creditor against whom the
preference action is brought has not filed a proof of
claim, the preference action "amounts only to a
legal action to recover a monetary transfer." *Id.* In
this situation, the creditor retains the right to a jury

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A - 1

Not Reported in B.R.                                                                Page 2

Not Reported in B.R., 2002 WL 550035 (Bkrtcy.D.Del.)
**(Cite as: Not Reported in B.R.)**

trial. *Id.*

**\*2** Because K-Swiss, Inc., has not filed a claim against the estate, it is entitled to a jury trial in this avoidance action. If, however, K-Swiss had filed a claim, it would not be entitled to a jury trial. Therefore, this court holds that Defendant K-Swiss, Inc., is entitled to a jury trial in this avoidance action only because it has not filed a claim against the estate.

### II. Motion of Plaintiff to Strike

For the reasons expressed above, the Chapter 7 Trustee's motion to strike K-Swiss, Inc.'s jury trial demand is denied.

### III. Motion to Withdraw the Reference to the Bankruptcy Court

Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Both parties agree that the motion was timely filed. Furthermore, even the Chapter 7 Trustee in his Response in Opposition to the Motion of the Defendant to Withdraw the Reference to the Bankruptcy Court correctly asserts that most courts have held that the right to a jury trial constitutes sufficient cause for withdrawal of the reference. *See In re Kenai Corp.,* 136 B.R. 59, 61 (S.D.N.Y.1992) . Therefore, because Defendant K-Swiss, Inc., is entitled to a jury trial in this avoidance action as it has not submitted a claim against the estate, the Motion to Withdraw the Reference to the Bankruptcy Court should be granted.

### IV. Conclusion

For the foregoing reasons, Defendant is entitled to a jury trial and the reference should be withdrawn. An appropriate recommendation to the District Court will be entered.

### ORDER AND RECOMMENDATION

AND NOW, this _____ day of April, 2002, for the reasons expressed in the foregoing Memorandum Opinion, it is ORDERED, ADJUDGED, and DECREED that Defendant K-Swiss, Inc. is entitled to a jury trial in this avoidance action as it has not filed a claim against the estate.

It is FURTHER ORDERED that the Chapter 7 Trustee's motion to strike the demand for jury trial is DENIED.

It is FURTHER ORDERED that the Clerk shall forthwith transmit the motion to withdraw the reference to the District Court.

Further, it is RECOMMENDED that the District Court grant the motion to withdraw the reference.

Bkrtcy.D.Del.,2002.
In re Just for Feet, Inc.
Not Reported in B.R., 2002 WL 550035 (Bkrtcy.D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A - 2

**EXHIBIT 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| MAXIDE ACQUISITION, INC., et al., | Case No. 05-10429 (MFW) |
| Debtors. | (Jointly Administered) |
| EDWARD P. BOND, AS TRUSTEE OF THE DMX CREDITORS LIQUIDATION TRUST, | Adv. Proc. No. 07- |
| Plaintiff, | |
| v. | |
| PARAMOUNT PICTURES, | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS OF
PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548, 549
AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Edward P. Bond, as Trustee of the DMX Creditors Liquidation Trust (the "Trustee" or the "Plaintiff"), by his counsel Drinker Biddle & Reath LLP, as and for his complaint against Paramount Pictures (the "Defendant"), respectfully alleges the following:

**NATURE OF THE ACTION**

The Plaintiff demands a money judgment and other relief resulting from certain transfers made by the Transferor Debtors (as defined herein) to or for the benefit of the Defendant during the 90-day period prior to the commencement or after the commencement of the Transferor Debtors' bankruptcy cases. Specifically, the Plaintiff seeks entry of a judgment against the Defendant (1) pursuant to 11 U.S.C. § 547(b) or § 549(a), avoiding the Transfers (as defined herein); (2) pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding and setting aside the Transfers as

constructive fraudulent conveyances; (3) pursuant to 11 U.S.C. § 550(a), directing the Defendant to pay the Plaintiff an amount to be determined at trial that is not less than the amount of the Transfers, plus interest and costs; and (4) pursuant to 11 U.S.C. § 502(d), disallowing any claim of the Defendant against the Transferor Debtors until the Defendant pays in full the amount so determined.

## JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334(b) and (e).

2.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O).

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

4.     This Court has personal jurisdiction over the Defendant pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and because the Defendant transacted and did business with one or more of the Transferor Debtors prior to the Petition Date (as defined herein).

5.     The Trustee brings this adversary proceeding pursuant to Rule 7001 of the Bankruptcy Rules.

## BACKGROUND

6.     On February 14, 2005 (the "Petition Date"), Maxide Acquisition Inc. and certain of its direct and indirect subsidiaries (the "Debtors"), including AEI Music Network, Inc., Maxide Music, Inc. (*f/k/a* DMX Music, Inc.) and Tempo Sound, Inc. (collectively, the "Transferor Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

- 2 -

7.     On March 31, 2006, the Debtors filed their Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan").

8.     On June 27, 2006, this Court entered the Order Confirming Plan of Liquidation of Maxide Acquisition, Inc., AEI Music Network, Inc., Maxide Music, Inc. (*f/k/a* DMX Music, Inc.) and Tempo Sound, Inc. under Chapter 11 of the Bankruptcy Code (the "Confirmation Order"). The Plan became effective on August 23, 2006 (the "Effective Date").

9.     Pursuant to the Plan, a creditor trust was created. The duties of the Trustee of the creditor trust are governed by the Creditor Trust Agreement (the "DMX Creditors Liquidation Trust") entered into between the Transferor Debtors and the Trustee.

10.     Pursuant to the DMX Creditors Liquidation Trust, the Trustee is responsible for, *inter alia*, filing and prosecuting all actions, causes of action, or claims of the Transferor Debtors or their estates arising under chapter 5 of the Bankruptcy Code.

11.     Upon information and belief, the Defendant is a corporation, partnership, governmental unit, individual, or entity who transacted business in the United States with the Transferor Debtors and who received one or more transfers from the Transferor Debtors.

12.     During the period on or within ninety (90) days before the Petition Date (the "Preference Period"), the Transferor Debtors issued and authorized payment to certain of their creditors, by check, wire transfer, or otherwise.

## COUNT I – TO AVOID PREFERENTIAL
## TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

13.    The Plaintiff realleges and incorporates Paragraphs 1 through 12 as if fully set forth herein.

14.    Sections 547(b) and 550(a) of the Bankruptcy Code provide for the avoidance and recovery of a transfer to a creditor of an interest of a debtor in property if the transfer is shown to have constituted a "preference" as defined in the statute.

15.    Pursuant to section 547(b) of the Bankruptcy Code and Articles V and VII of the Plan, the Trustee may avoid any transfer of an interest of the Transferor Debtors in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the Transferor Debtors before such transfer was made, (c) made while the Transferor Debtors were insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

16.    During the Preference Period, the Transferor Debtors made certain transfers of their property (the "Transfers") totaling not less than $610,461.25 to or for the benefit of the Defendant. A list of the Transfers, which identifies the Transferor Debtor entity that made the Transfers, invoice numbers, date and amount of each Transfer is incorporated by reference and attached hereto as Exhibit A.

17.    The Defendant was a creditor of the Transferor Debtors at the time of each of the Transfers.

- 4 -

18.    Each of the Transfers was made on account of an antecedent debt or debts owed by one or more of the Transferor Debtors to or for the benefit of the Defendant before each Transfer was made.

19.    The Transferor Debtors were insolvent at the time of each of the Transfers.

20.    The Transfers enabled the Defendant to receive more than it would have received if (a) the Transferor Debtors' cases were cases under chapter 7 of the Bankruptcy Code, (b) the Transfers had not been made, and (c) the Defendant had received payment of such debt or debts to the extent provided by the provisions of the Bankruptcy Code.

21.    Accordingly, pursuant to U.S.C. §§ 547(b) and 550(a)(1), the Trustee is entitled to judgment avoiding the Transfers, and allowing the Trustee to recover from the Defendant the amount of the Transfers, together with interest from the date of the Transfers.

## COUNT II – TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(b)

22.    The Plaintiff realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

23.    The Transfers were made within one year before the Petition Date.

24.    Upon information and belief, the Transferor Debtors received less than reasonably equivalent value in exchange for the Transfers.

25.    The Transferor Debtors were insolvent on the dates that the Transfers were made, or became insolvent as a result of the Transfers.

26.    At the time or as a result of the Transfers, the Transferor Debtors were engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with the Transferor Debtors was an unreasonably small capital.

- 5 -

27.    At the time or as a result of the Transfers, the Transferor Debtors intended to incur, or believed that the Transferor Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

28.    Accordingly, pursuant to U.S.C. §§ 548(a)(1)(B) and 550(a)(1), the Trustee is entitled to judgment avoiding the Transfers, and allowing the Trustee to recover from the Defendant the amount of the Transfers, together with interest from the date of the Transfers.

## COUNT III – TO AVOID AND RECOVER POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

29.    The Plaintiff realleges and incorporates Paragraphs 1 through 29 as if fully set forth herein.

30.    The Transfers constitute property of the Transferor Debtors' estate under Section 541 of the Bankruptcy Code.

31.    Upon information and belief one or more of the Transfers were made by the Transferor Debtors after the commencement of the case.

32.    Upon information and belief each post-petition Transfer was not authorized under the Bankruptcy Code or by the Court.

33.    Accordingly, pursuant to U.S.C. §§ 549(a) and 550(a)(1), the Trustee is entitled to judgment avoiding the Transfers, and allowing the Trustee to recover from the Defendant the amount of the Transfers, together with interest from the date of the Transfers.

## COUNT IV - TO RECOVER
## TRANSFERS PURSUANT TO 11 U.S.C. § 550

34.    The Plaintiff realleges and incorporates Paragraphs 1 through 33 as if fully set forth herein.

35.    The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

36.    The Trustee is entitled to recover from the Defendant the aggregate sum of the Transfers plus interest thereon from the date of demand to the date of payment and the costs of this action to the extent permitted.

## COUNT V - TO DISALLOW
## CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

37.    The Plaintiff realleges and incorporates Paragraphs 1 through 36 as if fully set forth herein.

38.    The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

39.    Pursuant to 11 U.S.C. § 502(d), any claims of the Defendant against the Transferor Debtors must be disallowed until such time as the Defendant pays to the Trustee an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

WHEREFORE, the Trustee demands judgment against the Defendant (1) declaring that the Transfers to the Defendant constitute voidable preferential transfers pursuant to 11 U.S.C. § 547(b); (2) in the alternative, pursuant to 11 U.S.C. § 548(a)(1)(B), avoiding and setting aside the Transfers as constructive fraudulent conveyances; (3) declaring that each and every post-petition

Transfer to the Defendant constitutes a voidable transfer pursuant to 11 U.S.C. § 549(b); (4) avoiding the Transfers and directing and ordering that the Defendant pay the Trustee, pursuant to 11 U.S.C. § 550(a), the full value of the Transfers, in the minimum amount of $610,461.25 , plus interest thereon from and after the date of demand at the highest legally permissible rate; (5) pursuant to 11 U.S.C. § 502(d), disallowing any claim of the Defendant against the Transferor Debtors; (6) awarding the Trustee his costs and reasonable attorneys' fees to the extent permitted; and (7) granting to the Trustee such other and further relief as the Court deems equitable and proper.

Dated: Wilmington, Delaware
      February 9, 2007

<div style="margin-left:40%">

DRINKER BIDDLE & REATH LLP

*/s/ Howard A. Cohen*
Howard A. Cohen (DE 4082)
1100 North Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

*- and –*

A. Dennis Terrell
Robert K. Malone
Michael P. Pompeo
500 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 360-1100

*Attorneys for Edward P. Bond, as Trustee of the
DMX Creditors Liquidation Trust*

</div>

- 8 -

**Maxide Acquisition Corp. and Affiliates**
**Preference Payments**

| Vendor | Check/ Wire # | Check/ Wire Date | Clear Date | Amount |
|---|---|---|---|---|
| PARAMOUNT PICTURES | 163139 | 2/1/05 | 2/10/05 | 500.00 |
| PARAMOUNT PICTURES | 161963 | 1/25/05 | 1/31/05 | 89,363.25 |
| PARAMOUNT PICTURES | 160136 | 12/17/04 | 12/30/04 | 245,018.00 |
| PARAMOUNT PICTURES | 158429 | 11/23/04 | 12/3/04 | 275,580.00 |
| **PARAMOUNT PICTURES Total** | | | | 610,461.25 |

**EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| MAXIDE ACQUISITION, INC., *et al.*, | Case No. 05-10429 (MFW) |
| Debtors. | (Jointly Administered) |
| EDWARD P. BOND, AS TRUSTEE OF THE DMX CREDITORS LIQUIDATION TRUST, | Adv. Proc. No. 07-50662 (CSS) |
| Plaintiff, | |
| v. | |
| PARAMOUNT PICTURES, | |
| Defendant. | |

## ANSWER TO COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY PURSUANT TO 11 U.S.C. §§ 547, 548, 549 & 550; DEMAND FOR JURY TRIAL

Defendant Paramount Pictures Corporation ("Defendant"), improperly sued herein as "Paramount Pictures," answers the Complaint to Avoid and Recover Transfers of Property Pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and to Disallow Claims Pursuant To 11 U.S.C. § 502(d) (the "Complaint") as follows:

### RESPONSE TO JURISDICTIONAL AND VENUE AVERMENTS

1.      In response to paragraph 1 of the Complaint, Defendant admits that the United States District Court for the District of Delaware has subject matter jurisdiction over this adversary proceeding.  Except as so expressly admitted, Defendant denies each and every remaining averment of paragraph 1.

96097.1

2.    In response to paragraph 2 of the Complaint, Defendant admits that this adversary proceeding falls in the statutory definition of a core proceeding. Except as so expressly admitted, Defendant denies each and every remaining averment of paragraph 2. In further response to paragraph 2, Defendant avers that it is entitled to trial by jury before a U.S. District Court on the claims for relief alleged in the Complaint.

3.    Defendant denies the averments contained in paragraph 3 of the Complaint.

4.    In response to paragraph 4 of the Complaint, Defendant admits that this Court has personal jurisdiction over Defendant pursuant to Rule 7004. Except as so expressly admitted, Defendant denies each and every remaining averment of paragraph 4.

5.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 5 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 5.

## BACKGROUND

6.    Defendant admits the averments contained in paragraph 6 of the Complaint.

7.    Defendant admits the averments contained in paragraph 7 of the Complaint.

8.    Defendant admits the averments contained in paragraph 8 of the Complaint.

9.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 9 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 9.

10.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 10 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 10.

11.    In response to paragraph 11 of the Complaint, Defendant admits that Defendant is a corporation that transacts and transacted business in the United States. Defendant further admits that it received certain transfers (the "Transfers") in the ordinary course of its business.

#8584576 v3

Except as so expressly admitted, Defendant denies each and every remaining averment of paragraph 11.

    12.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 12 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 12.

## RESPONSE TO COUNT I

    13.    As paragraph 13 of the Complaint does not aver any new matter, Defendant incorporates its previous answers to the paragraphs referenced herein.

    14.    Paragraph 14 of the Complaint states a conclusion of law to which no response is required.

    15.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 15 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 15.

    16.    Defendant denies the averments contained in paragraph 16 of the Complaint.

    17.    In response to paragraph 17 of the Complaint, Defendant admits that Debtor Maxide Acquisition, Inc. was obligated to pay the amounts set forth in Exhibit A, but in all other respects denies the averments of paragraph 17.

    18.    Defendant denies the averments contained in paragraph 18 of the Complaint.

    19.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 19 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 19.

    20.    Defendant denies the averments contained in paragraph 20 of the Complaint.

    21.    Defendant denies the averments contained in paragraph 21 of the Complaint.

## RESPONSE TO COUNT II

#8584576 v3

22.    As paragraph 22 of the Complaint does not aver any new matter, Defendant incorporates its previous answers to the paragraphs referenced herein.

23.    Defendant admits that the checks set forth in Exhibit A to the Complaint were received by Defendant one year before the petition date.  Except as so expressly admitted, Defendant denies each and every averment of paragraph 23.

24.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 24 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 24.

25.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 25 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 25.

26.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 26 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 26.

27.    Defendant lacks sufficient knowledge or information to respond to the averments in paragraph 27 of the Complaint, and, on that basis, denies each and every averment contained in paragraph 27.

28.    Defendant denies the averments contained in paragraph 28 of the Complaint.

## RESPONSE TO COUNT III

29.    As paragraph 29 of the Complaint does not aver any new matter, Defendant incorporates its previous answers to the paragraphs referenced herein.

30.    Defendant denies the averments contained in paragraph 30 of the Complaint.

31.    Defendant denies the averments contained in paragraph 31 of the Complaint.

32.    Defendant denies the averments contained in paragraph 32 of the Complaint.

33.    Defendant denies the averments contained in paragraph 33 of the Complaint.

## RESPONSE TO COUNT IV

34.     As paragraph 34 of the Complaint does not aver any new matter, Defendant incorporates its previous answers to the paragraphs referenced herein.

35.     In response to paragraph 35 of the Complaint, Defendant admits that it was the initial or mediate recipient of the checks set forth in Exhibit A to the Complaint.  Except as so expressly admitted, Defendant denies each and every averment of paragraph 35.

36.     Defendant denies the averments contained in paragraph 36 of the Complaint.

## RESPONSE TO COUNT V

37.     As paragraph 37 of the Complaint does not aver any new matter, Defendant incorporates its previous answers to the paragraphs referenced herein.

38.     In response to paragraph 38 of the Complaint, Defendant admits that it was the initial or mediate recipient of the checks set forth in Exhibit A to the Complaint.  Except as so expressly admitted, Defendant denies each and every averment of paragraph 38.

39.     Defendant denies the averments contained in paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendant asserts the following affirmative defenses to each of the claims for relief asserted in the Complaint:

### First Affirmative Defense
### (Earmarking – 11 U.S.C. § 547(b))

40.     Without shifting the burden of proof on required elements, Defendant avers that the Transfers were funds earmarked for the repayment of debt owed by one or more of Defendant's creditors (not the Debtor) to Defendant through the Debtor.

### Second Affirmative Defense
### (Ordinary Course of Business – 11 U.S.C. § 547(c)(2))

41.     All or a portion of the Transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant; were made in

#8584576 v3

the ordinary course of business or financial affairs of the Debtor and Defendant; and were made according to ordinary business terms. The Transfers accordingly cannot be avoided.

### Third Affirmative Defense
### (Subsequent New Value Provided – 11 U.S.C. § 547(c)(4))

42.     To the extent that any of the Transfers are otherwise avoidable, Defendant gave new value to or for the benefit of the Debtor, which new value was not secured by an otherwise avoidable security interest or on account of which new value the debtors did not make an otherwise avoidable transfer to or for the benefit of Defendant. Accordingly, Plaintiff may not avoid the transfers to the extent of such new value provided by Defendant.

### Fourth Affirmative Defense
### (Reasonably Equivalent Value Provided – 11 U.S.C. §§ 548(a)(1)(B) & 550(b))

43.     As to all claims premised upon Defendant having received allegedly fraudulent transfers, and without shifting the burden of proof on required elements, Defendant avers that the Debtor received reasonably equivalent value in exchange for such transfers, and that Defendant gave such reasonably equivalent value in good faith without knowledge of the potential avoidability of such transfer. The Transfers accordingly cannot be avoided.

### Fifth Affirmative Defense
### (Estoppel, waiver, release, laches)

44.     The relief sought in the Complaint should be denied to the extent warranted under applicable principles of estoppel, waiver, release and/or laches.

### Sixth Affirmative Defense
### (Assumption of Contract)

45.     To the extent any contract or agreement between Defendant and one or more of the Debtors was assumed in the Debtors' bankruptcy cases pursuant to Bankruptcy Code section 365, Plaintiff is not entitled to any recovery on account of the alleged Transfers, the Complaint or otherwise.

### Seventh Affirmative Defense
### (Res Judicata)

#8584576 v3

46.    Subject to the responses above, Defendant avers that all claims for relief in the Complaint are barred by *res judicata*.

## RESERVATION OF DEFENSES

47.    Defendant reserves the right to amend or assert and add affirmative defenses, third-party defendants, cross-claims and/or counterclaims as additional discovery may warrant.

## PRAYER FOR RELIEF

**WHEREFORE,** having answered the Complaint and asserted certain affirmative defenses, Defendant prays for relief as follows:

1.    For dismissal of the Complaint, and that Plaintiff take nothing thereby;

2.    Awarding Defendant Paramount Pictures its fees, costs and expenses incurred in defending against this adversary proceeding; and

3.    For such other and further relief as the Court may deem just and equitable under the circumstances.

DATED:  May 25, 2007

_____
PEPPER HAMILTON LLP
Henry Jaffe (No. 2987)
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

Edward T. Attanasio (Cal. Bar No. 119485)
Matthew C. Heyn (Cal. Bar No. 227474)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
(310) 407-4000

*Counsel to Defendant Paramount Pictures Corporation*

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38, made applicable to these proceedings by FED. R. BANKR.

P. 9015, Defendant Paramount Pictures Corporation hereby demands a trial by jury.  Defendant

Paramount Pictures Corporation does not consent to a jury trial in the Bankruptcy Court.

DATED:  May 25, 2007

_____

PEPPER HAMILTON LLP
Henry Jaffe (No. 2987)
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

Edward T. Attanasio (Cal. Bar No. 119485)
Matthew C. Heyn (Cal. Bar No. 227474)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
(310) 407-4000

*Counsel to Defendant Paramount Pictures Corporation*

-9-