IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | : Chapter 11 |
| MAXIDE ACQUISITION, INC., et al., | : Case No.: 05-10429 (MFW) |
| Debtors. | : (Jointly Administered) |
| EDWARD P. BOND, as Trustee of the DMX Creditors Liquidation Trust, | : |
| Plaintiff, | : Adversary Proceeding No. 07-50662 (CSS) |
| v. | : Civil Case No. 07-cv-00382-GMS |
| PARAMOUNT PICTURES, | : |
| Defendant. | : |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
PARAMOUNT PICTURE CORPORATION'S MOTION TO TRANSFER VENUE**

DRINKER BIDDLE & REATH LLP
Howard A. Cohen (No. 4082)
1100 North Market Street, Suite 1000
Wilmington, Delaware 19801-1254
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

A. Dennis Terrell
Robert K. Malone
Douglas J. McGill
500 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

*Attorneys for Edward P. Bond, as
Trustee of the DMX Creditors Liquidation Trust*

Dated: June 25, 2007

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | i |
| INTRODUCTION | 1 |
| I. NATURE AND STAGE OF PROCEEDING | 1 |
| II. SUMMARY OF ARGUMENT | 3 |
| III. ARGUMENT | 3 |
|     A. The Interests of Justice Mandate That This Court Not Transfer Venue. | 3 |
|         1. Plaintiff's choice of forum/Defendant's choice of forum | 5 |
|         2. Whether the claim arose elsewhere/Location of books and records | 6 |
|         3. The convenience of the parties/Unavailability of witnesses | 7 |
|         4. Enforceability of judgment | 9 |
|         5. Practical considerations | 9 |
|         6. Administrative difficulty in the two fora | 10 |
|         7. Public policies of the fora | 11 |
|         8. Familiarity of applicable state law/Local interest | 11 |
| IV. CONCLUSION | 12 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                     **Page**

AlliedSignal, Inc. v. Cooper Auto., Inc.,
      1997 U.S. Dist. LEXIS 22902, *5-6 (D. Del. 1997)............................................... 2, 7, 8, 9

In re Centennial Coal, Inc.,
      82 B.R. 140 (Bankr D. Del 2002) ........................................................................ 5

Hayes Lemmerz Inc. v. Keller Rigging Constr., Inc.,
      12 B.R. 44, 46 (Bankr. D. Del. 2004) .................................................................. 4, 5, 6, 9, 11

Hechinger Liquidation Trust v. Fox,
      96 B.R. 323 (Bankr. D. Del. 2003) ...................................................................... 4, 5, 6, 11

In re Heritage Fin. Network, Inc.,
      86 B.R. 318 (Bankr. S.D. Ohio 2002) ................................................................. 4

Jumara v. State Farm Ins. Co.,
      5 F.3d 873 (3d Cir. 1995)..................................................................................... 3, 4

Oakwood Homes Corp. v. American Bankers Ins., Co.,
      005 WL 670310, *4 (Bankr. D.Del. 2005) ......................................................... 5

Stone & Webster, Inc. v. Courts Heating & Cooling, Inc.,
      003 WL 21356088, *1 (Bankr. D. Del. 2003) ..................................................... 4, 6, 8, 9, 11

Wesley-Jessen Corp. v. Pilkington Visioncare,
      57 F.R.D. 215 (D. Del. 1993) .............................................................................. 7, 8

## INTRODUCTION

Edward P. Bond, as Trustee of the DMX Creditors Liquidation Trust (the "Trustee"), by his undersigned attorneys, hereby objects to Paramount Picture Corporation's, a Delaware Corporation, ("Paramount") Motion to Transfer Venue (the "Motion"), and in support hereof states as follows:

### I. NATURE AND STAGE OF PROCEEDING

On February 14, 2005 (the "Petition Date"), Maxide Acquisition Inc. and certain of its direct and indirect subsidiaries (the "Debtors"), including AEI Music Network, Inc., Maxide Music, Inc. (*f/k/a* DMX Music, Inc.) and Tempo Sound, Inc. (collectively, the "Transferor Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

On March 31, 2006, the Debtors filed their Plan of Liquidation Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"). On June 27, 2006, this Court entered the Order Confirming Plan of Liquidation of Maxide Acquisition, Inc., AEI Music Network, Inc., Maxide Music, Inc. (*f/k/a* DMX Music, Inc.) and Tempo Sound, Inc. under Chapter 11 of the Bankruptcy Code (the "Confirmation Order"). The Plan became effective on August 23, 2006 (the "Effective Date").

Pursuant to the Plan, a creditor trust was created. The duties of the Trustee of the creditor trust are governed by the Creditor Trust Agreement (the "DMX Creditors Liquidation Trust") entered into between the Transferor Debtors and the Trustee. Pursuant to the DMX Creditors Liquidation Trust, the Trustee is responsible for, *inter alia*, filing and prosecuting all actions, causes of action, or claims of the Transferor Debtors or their estates arising under chapter 5 of the Bankruptcy Code.

1

On February 12, 2007, the Trustee filed the above captioned adversary proceeding (the "Adversary Proceeding") against Paramount. The complaint asserts causes of action pursuant to sections 547, 548, 549, 550 and 502(d) of the Bankruptcy Code.

On June 6, 2007, Paramount filed the Motion seeking to have this Court transfer venue to the United States District Court for the Central District of California. In the Motion, Paramount asserts, primarily, that the convenience of witnesses and the location of books and records mandate that this Court transfer venue of the Adversary Proceeding. Paramount, however, did not disclose to the Court that it is incorporated in Delaware despite knowing that its state of incorporation is a factor this Court must consider for the Motion. See AlliedSignal, Inc. v. Cooper Auto., Inc., 1997 U.S. Dist. LEXIS 22902, *5-6 (D. Del. 1997).[1]

Paramount also moved on May 25, 2007 to withdraw the reference of the Adversary Proceeding to the Bankruptcy Court on the grounds that it had not filed a proof of claim in the Debtors' bankruptcy cases. The Trustee did not oppose that motion and the parties expect that the reference will be withdrawn shortly by the District Court. The parties were also informed by the Honorable Christopher S. Sontchi, U.S.B.J., during the initial scheduling conference that the Bankruptcy Court fully expects that the District Court will assign this matter to Judge Sontchi to conduct all pre-trial matters.

---

[1] Paramount attached a copy of the Cooper Auto., Inc. case in the appendix to its Memorandum of Law in support of the Motion.

2

## II.  SUMMARY OF ARGUMENT

The interests of justice dictate that this Court not transfer venue. Application of the twelve factor test set forth in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995), clearly weighs against transferring venue of the Adversary Proceeding.

Paramount, which is incorporated in the State of Delaware (See Certification of Howard A. Cohen, Ex. A.), must prove a unique or unexpected burden to successfully have the matter transferred. This is a simple preference case, however, not unlike the thousands routinely litigated within this District. The nature of a preference case is such that it does not require that the matter be transferred to the "location where the claim arose." In addition, Paramount has not and cannot prove that any key witness will refuse to testify in Delaware. Indeed, it has only received cooperation thus far from non-party witnesses.

The Adversary Proceeding should be litigated together with the over 300 cases that the Trustee filed in these bankruptcy cases and then proceed to trial, however unlikely that may be, in the United States District Court for the District of Delaware.

## III.  ARGUMENT

### A.  The Interests of Justice Mandate That This Court Not Transfer Venue.

Section 1409 of Title 28 provides that, subject to limited exceptions, the district where a bankruptcy is filed is the proper venue for proceedings related to the bankruptcy case. 28 U.S.C. § 1409. Subsection (b) of section 1409 provides, in relevant part:

> A [debtor] in a case under Title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.

28 U.S.C. § 1409(b). The Trustee commenced the Adversary Proceeding seeking to recover no less than $610,461.25.

3

A court may transfer proceedings in "the interests of justice or for the convenience of the parties." 28 U.S.C. § 1412. In making that determination, there is a strong presumption in favor of maintaining venue in the court where the bankruptcy case is pending. See Hayes Lemmerz Inc. v. Keller Rigging Constr., Inc., 312 B.R. 44, 46 (Bankr. D. Del. 2004) (holding that there is a strong presumption of maintaining venue where the bankruptcy case is pending); Stone & Webster, Inc. v. Courts Heating & Cooling, Inc., 2003 WL 21356088, *1 (Bankr. D. Del. 2003) (holding that as a general rule, venue is proper where the bankruptcy case is pending). This presumption is even stronger in core proceedings, such as the instant Adversary Proceeding. See In re Heritage Fin. Network, Inc., 286 B.R. 318, 320 (Bankr. S.D. Ohio 2002).

In determining whether to transfer venue under section 1412 the this District has recognized the following twelve factor balancing test: (1) plaintiff's choice of forum; (2) defendant's choice of forum; (3) whether the claim arose elsewhere; (4) location of books and records; (5) the convenience of the parties as indicated by their relative physical and financial condition; (6) the convenience of the parties – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (7) the enforceability of judgment; (8) practical considerations that would make the trial easy, expeditious or inexpensive; (9) the relative administrative difficulty in the two fora resulting from congestion of the courts' dockets; (10) the public policies of the fora; (11) the familiarity of the judge with the applicable state law; and (12) the local interest in deciding local controversies at home. Hechinger Liquidation Trust v. Fox, 296 B.R. 323, 325-326 (Bankr. D. Del. 2003) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)).

Paramount bears the burden of demonstrating by a preponderance of the evidence that the transfer of venue is warranted. See id. The Trustee submits that Paramount has failed to meet its

burden. In fact, Paramount fails to address all of the prongs of the test set forth above in its Motion. Most tellingly, Paramount has failed to cite to one case in which a preference proceeding was transferred. Counsel for the Trustee could not locate such a case in this or any other District.

1. **Plaintiff's choice of forum/Defendant's choice of forum.**

With respect to the first and second factors, the Trustee filed the Adversary Proceeding in Delaware whereas Paramount seeks to have venue transferred to California. However, Paramount's choice of forum does not carry the same weight as that of the Trustee's. Hechinger, 296 B.R. at 326; Hayes Lemmerz, 312 B.R. at 46.

Paramount cites to In re Centennial Coal, Inc., 282 B.R. 140 (Bankr D. Del 2002) to somehow diminish the weight afforded to the Trustee's choice of forum and argues that it "is on all fours with this case." Paramount's Memorandum of Law at 8. Even a cursory review of Centennial Coal, however, reveals that Paramount doesn't have a leg on which to stand.

The liquidating trustee in Centennial Coal asserted non-core claims for breach of contract, unpaid accounts receivable and unjust enrichment against two unaffiliated defendants. See Centennial Coal at 143. The facts and circumstances surrounding the alleged breach, which was at the heart of the action, occurred in Kentucky and significantly, the threshold issue in the matter involved interpretation of Kentucky's statute of limitations, which the Court found "would be most appropriate for a local judge to decide. . . " Centennial Coal at 146, 148. At its essence, Centennial Coal was a non-core matter, with a unique set of facts that required interpretation of Kentucky state law.

The exact opposite is true in this proceeding. The Trustee's avoidance action is a core matter. See Oakwood Homes Corp. v. American Bankers Ins., Co., 2005 WL 670310, *4 (Bankr. D.Del. 2005). Furthermore, as the Trustee has asserted statutory claims under the

5

Bankruptcy Code, this Adversary Proceeding does not require familiarity with applicable state law. See Stone & Webster, 2003 WL 21356088 *3. This is a routine preference action that should remain in the District of Delaware. See id. at 1-2 (Bankruptcy Court denied motion to transfer routine preference case.).

### 2. Whether the claim arose elsewhere/Location of books and records.

With respect to the third factor, since the underlying claims asserted in the Adversary Proceeding arise under sections 547, 548 and 549 of the Bankruptcy Code, where the claim arose is immaterial. In considering this factor in the context of a preference action, such as this case, the Bankruptcy Court in Stone & Webster, Inc. v. Courts Heating & Cooling, Inc., explained that "the location of the project and the performance of the contract [are] not at issue in a preference action." Stone & Webster, 2003 WL 21356088 at *2. Further, where the invoices or transfers were delivered or executed are irrelevant and do not, by themselves, warrant transfer of a preference action to another district. Hayes Lemmerz, 312 B.R. at 46. Accordingly, the third factor weighs in favor of maintaining venue in the District of Delaware.

With respect to the fourth factor, the physical books and records of the Trustee are maintained primarily in Delaware and New Jersey. This Adversary Proceeding also involves only four prepetition payments. To the extent discovery is necessary, it will likely involve a small set of documents which could easily be exchanged via mail or electronic mail. "As with many preference actions, it appears that in this proceeding the location of those documents will have little, if any, impact on trial preparations and trial of the case." Hechinger, 296 B.R. at 326; Hayes Lemmerz, 312 B.R. at 46 (Physical location of books and records is of little concern where discovery is limited to paper exchange.). Accordingly, the fourth factor does not support transferring venue from the District of Delaware.

6

### 3. The convenience of the parties/Unavailability of witnesses.

With respect to the fifth factor, requiring the Trustee to prosecute the Adversary Proceeding outside of Delaware would increase administrative expenses by forcing the litigation of this case in a jurisdiction far from the location of the Trustee's counsel and far from the location of all other preference actions, lowering the funds available for distribution to unsecured creditors. The Trustee has filed over 300 preference or avoidance actions in the District of Delaware substantially contemporaneously with the filing of the Adversary Proceeding, involving parties throughout the United States and in various foreign jurisdictions. The Trustee has proposed uniform procedures in those cases to permit litigation to proceed in as efficient a manner as possible for the parties and the Court. Having individual preference actions litigated in separate courts thousands of miles apart would be inefficient for the court and would impose an unreasonable burden on the Trustee.

While the Trustee understands that this Adversary Proceeding will, if necessary, be tried in the District Court, the Bankruptcy Court has notified the parties that it expects that the District Court will have Judge Sontchi manage pre-trial discovery. Therefore, Paramount will be subject to the same uniform discovery procedures that were entered by the Bankruptcy Court on June 5, 2007 (See Docket No. 16 in this Adversary Proceeding). Accordingly, the fifth factor weighs in favor of maintaining venue in the District of Delaware.

With respect to the sixth factor, this Court has had the opportunity on more than one occasion to consider the convenience of parties and witnesses when deciding to transfer a case and has held that even if the foreign jurisdiction was more convenient, "this factor alone would not be sufficient to compel a transfer." Cooper Auto., Inc., 1997 U.S. Dist. LEXIS 22902 at *5-6; see also Wesley-Jessen Corp. v. Pilkington Visioncare, 157 F.R.D. 215 (D. Del. 1993). This Court has also noted the somewhat archaic nature of the "convenience" factor and recognized

7

that, "technological advances have substantially reduced the burden of having to litigate in a distant forum. . ." especially considering how quickly and efficiently information can be exchanged in discovery. Cooper Auto at *6. The "convenience' argument becomes even more suspect when the moving party is engaged in business throughout the United States, which undoubtedly Paramount is. See id. at *5-6.

In addition, there is a heightened burden on a defendant that is incorporated in Delaware. "Absent such showing of a *unique or unexpected burden*, these corporations should not be successful in arguing that litigation in their state of incorporation is inconvenient." Id. at *6 (citing Wesley-Jessen, 157 F.R.D. at 218.) (emphasis added). In Cooper Auto, this Court denied a transfer motion of a defendant whose legal home was in Delaware based on the almost exact arguments being made by Paramount. See Cooper Auto, 1997 U.S. Dist. LEXIS 22902 at *5-12. In addition, Cooper Auto was not a "routine preference case" where "the location of the project and the performance of the contract [are] not at issue. . ." Stone & Webster, 2003 WL 21356088 at *2. It was a complex patent infringement case that required extensive discovery in the foreign venue.

Paramount, a Delaware corporation that operates nation-wide, has not demonstrated any prejudice, unique circumstances or unexpected burdens if it was required to proceed to trial in Delaware. Paramount has also made no showing of unavailability of any key witness in this forum. In fact, it appears that Paramount is receiving nothing but cooperation from non-party witnesses. See Declaration of Beth Almberg in Support of the Motion.

Additionally, witnesses are presumed to be willing to testify in either forum despite the inconvenience that one of the forums would entail. See Hayes Lemmerz, 312 B.R. at 47. At the very least, Paramount must present sufficient support that key witnesses will refuse to appear in

8

Delaware to overcome this presumption. See Cooper Auto at *10-11 (Refusing transfer despite affidavit of counsel confirming unwillingness of third-party witnesses to testify in Delaware.).

In reality, factors five and six rarely come into play because as the Bankruptcy Court in this District has noted, "the experience of [the Bankruptcy Court] is that the vast majority, well over 90%, of preference actions do not go to trial." Stone & Webster, 2003 WL 21356088 *2, n.2. Accordingly, the sixth factor weighs in favor of maintaining venue in the District of Delaware.

### 4.   Enforceability of judgment.

With respect to the seventh factor, there is no reason why any judgment entered in this Adversary Proceeding would not be given full faith and credit in a California court. See Hayes Lemmerz, 312 B.R. at 47. Accordingly, the seventh factor does not support a transfer of venue.

### 5.   Practical considerations.

With respect to the eighth factor, practical considerations favor denial of the Motion because the bankruptcy cases are pending in this District as are over 300 other avoidance actions filed by the Trustee. If the Trustee is required to try this case in California estate funds and time would be squandered unnecessarily, a factor courts must consider in their analysis. See id.

Paramount again relies upon the fact that this Adversary Proceeding will be tried in the District Court to diminish the efficiency of keeping all of the Trustee's avoidance actions in Delaware but it ignores that pre-trial discovery and mandatory mediation will be conducted by the Bankruptcy Court. The Trustee will save substantial litigation expenses by minimizing travel for counsel and witnesses. Accordingly, the eighth factor weighs in favor of maintaining venue in the District of Delaware.

### 6. Administrative difficulty in the two fora.

With respect to the ninth factor, transfer would be judicially inefficient as noted above because the Bankruptcy Court is already handling hundreds of other avoidance actions in these Chapter 11 cases. It is far more efficient to handle those cases under one judge applying case management procedures that are common to all than to have the cases handled by different judges, in different cities, under different timetables.

Paramount has provided the Court with statistics from the Bankruptcy Court for the Central District of California in support of its argument that the Central District of California is somehow better equipped to handle preference proceedings than is the District of Delaware. First, statistics from the Bankruptcy Court for the Central District of California are irrelevant as this matter would be transferred not to the Bankruptcy Court for the Central District of California but to the District Court for the Central District of California.

Second, the District of Delaware has model pre-trial procedures for preference proceedings, which have been adopted in these bankruptcy cases. The procedures allow for 120 days of fact discovery, 30 days for expert reports and set trial at 180 days after completion of mediation. (See Docket No. 16 in this Adversary Proceeding). Rarely will the Bankruptcy Court permit parties to deviate from these aggressive deadlines.

Finally, to the extent that Paramount is concerned about the Bankruptcy Court's docket congestion, those concerns are allayed by the recent appointment of four new Bankruptcy Judges, including Judge Sontchi, and the fact that this Adversary Proceeding will ultimately be tried in the District Court, which is not "overwhelmed with thousands of adversary

proceedings."[2] Accordingly, the ninth factor weighs in favor of maintaining venue in the District of Delaware.

### 7.    Public policies of the fora.

With respect to the tenth factor, if Paramount was successful in having this Adversary Proceeding transferred to California, it would open the door to similar motions by the other defendants in pending avoidance actions commenced by the Trustee, resulting in considerable additional cost to the estate and burden on the Court. Hechinger, 296 B.R. at 327; Hayes Lemmerz, 312 B.R. at 47-48. Accordingly, the tenth factor weighs in favor of maintaining venue in the District of Delaware.

### 8.    Familiarity of applicable state law/Local interest.

With respect to the eleventh and twelfth factors, resolution of this Adversary Proceeding does not require familiarity with applicable state law nor are any local interests implicated which favor deciding the controversy in California. See Stone & Webster, 2003 WL 21356088 *3. Accordingly, the eleventh and twelfth factors do not support a transfer of venue.

For the foregoing reasons, the Motion should be denied and venue maintained in this District.

---

[2] The General Order relied on by Paramount was entered by Chief Judge Mary F. Walrath, U.S.B.J., on April 7, 2004, almost two years before the appointment of four new Bankruptcy Judges in the District of Delaware.

## IV. CONCLUSION

WHEREFORE, for all the foregoing reasons, the Trustee respectfully requests that the Court deny the Motion and grant to the Trustee such further relief as the Court deems appropriate.

Dated: Wilmington, Delaware
       June 25, 2007

**DRINKER BIDDLE & REATH LLP**

/s/ Howard A. Cohen
Howard A. Cohen (No. 4082)
1100 North Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

A. Dennis Terrell
Frank F. Velocci
500 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

*Attorneys for Edward P. Bond, as*
*Trustee of the DMX Creditors Liquidation Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| MAXIDE ACQUISITION, INC., <u>et al.</u>, | : | Case No.: 05-10429 (MFW) |
| Debtors. | : | (Jointly Administered) |
| EDWARD P. BOND, as Trustee of the DMX Creditors Liquidation Trust, | : | |
| Plaintiff, | : | |
| v. | : | Adversary Proceeding No. 07-50662 (CSS) |
| PARAMOUNT PICTURES, | : | Civil Case No. 07-cv-00382-GMS |
| Defendant. | : | |

## CERTIFICATION OF HOWARD A. COHEN PURSUANT TO 28 U.S.C. § 1746

HOWARD A. COHEN, of full age, under penalty of perjury, hereby certifies and states as follows:

1.  I am an attorney-at-law of the State of Delaware and an associate with Drinker Biddle & Reath LLP, attorneys for plaintiff, Edward P. Bond, as Trustee of the DMX Creditors Liquidation Trust in the above-referenced matter. I have personal knowledge of the facts set forth herein.

2.  Attached hereto as **Exhibit A** is a true and correct copy of Paramount Picture Corporation's Business Entity Status Report.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: June 25, 2007

**DRINKER BIDDLE & REATH LLP**

_/s/ Howard C._
Howard A. Cohen (DE Bar No. 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

*Attorneys for Edward P. Bond, as*
*Trustee of the DMX Creditors Liquidation Trust*

# **EXHIBIT A**



# CORPORATION SERVICE COMPANY

Corporation Service Company
2711 Centerville Road
Wilmington, DE 19808
800.927.9800
302.636.5454 fax

PARAMOUNT PICTURES CORPORATION
Matter Number   n/a

DELAWARE STATUS SEARCH

www.incspot.com

## Entity Information

| | | | |
|---|---|---|---|
| | Search Results Date/Time | 06-20-2007 | 12:17 |
| Entity Name | PARAMOUNT PICTURES CORPORATION | | |
| File Number | 0647106 | Status | Good Standing since 09-20-1966 |
| Name Type | Delaware Company | Stock Type | Stock Company |
| Entity Type | Corporation | Corp Type | General |
| Tax Type | A/R Filing Required | | |
| Residency | Domestic        State   DE | Country | US |
| Incorporation Date | 09-20-1966 | Proclaim Date | |
| Renew Date | | Expire Date | |
| Bankruptcy | | Bankrupt Date | |
| State | | Case No | |
| Orig Incorp Country | | Orig Date | |
| Merged To Name | | | |
| Merged To Number | | State | |
| Federal ID | 132574663 | Qtrly Filings | Last Ann Rpt | 2006 |

## Registered Agent

| | | | |
|---|---|---|---|
| Agent Name | THE PRENTICE-HALL CORPORATION SYSTEM, INC. | Agent ID | 9000012 |
| Address | 2711 CENTERVILLE ROAD | Phone | 302-636-5400 |
| | SUITE 400 | Fax | 302-636-5454 |
| | | County | New Castle |
| City | WILMINGTON       State  DE | Zip | 19808 |

## Stock Information

| Amendment Number | 000 | | Effective Date | 09-20-1966 00:00 |
|---|---|---|---|---|
| Description | Class | Series | Authorized | Par Value |
| COM | | | 2,000 | 0.000000 |
| | Total Shares Authorized | | 2,000 | 0 |

The information above is taken from the records of Delaware's Office of the Secretary of State and reflects information of record as of the thru date listed on this report. CSC cannot and does not independently verify the accuracy or completeness of this information and, accordingly, we make no guaranties or representations about the accuracy or completeness of the information and disclaim any warranties about it and any liability for errors or omissions. If you wish to obtain a certified copy of documents on file or an official good standing, please contact your CSC Customer Service Representative.



# CORPORATION SERVICE COMPANY

**PARAMOUNT PICTURES CORPORATION**
Matter Number   n/a

DELAWARE STATUS SEARCH

Corporation Service Company
2711 Centerville Road
Wilmington, DE 19808
800.927.9800
302.636.5454 fax

www.incspot.com

### Filing History (last 5 filings)

| Filing Year | Doc Code | Description | Pages | Filing Date/Time | Effective Date | Merger Type |
|---|---|---|---|---|---|---|
| 1998 | 0250S | Merger; Survivor | 1 | 12-04-1998 09:00 | 12-04-1998 | OWNERSHIP |
| 1998 | 0250S | Merger; Survivor | 1 | 05-01-1998 09:00 | 05-01-1998 | OWNERSHIP |
| 1996 | 0250S | Merger; Survivor | 1 | 10-15-1996 09:01 | 10-15-1996 | OWNERSHIP |
| 1990 | 0250S | Merger; Survivor | 2 | 06-04-1990 09:00 | 06-04-1990 | MERGER |
| 1989 | 0134 | Change of Agent Address | 0 | 10-27-1989 16:30 | 10-27-1989 | |

### Taxes Due

| Tax Year | Filing Fee | Total Tax | Penalty | Interest | Other | Paid | Balance |
|---|---|---|---|---|---|---|---|
| 2006 | 25.00 | 35.00 | 0.00 | 0.00 | 0.00 | 60.00 | 0.00 |
| 2005 | 25.00 | 35.00 | 0.00 | 0.00 | 0.00 | 60.00 | 0.00 |
| 2004 | 25.00 | 35.00 | 0.00 | 0.00 | 0.00 | 60.00 | 0.00 |
| | | | | | Tax Balance Due as of | 06-20-2007 | 0.00 |

The information above is taken from the records of Delaware's Office of the Secretary of State and reflects information of record as of the thru date listed on this report. CSC cannot and does not independently verify the accuracy or completeness of this information and, accordingly, we make no guaranties or representations about the accuracy or completeness of the information and disclaim any warranties about it and any liability for errors or omissions. If you wish to obtain a certified copy of documents on file or an official good standing, please contact your CSC Customer Service Representative.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MAXIDE ACQUISITION, INC., <u>et al.</u>, | : | Case No.: 05-10429 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| _____ | : | |
| | : | |
| EDWARD P. BOND, as Trustee of the DMX Creditors Liquidation Trust, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding No. 07-50662 (CSS) |
| | : | |
| v. | : | Civil Case No. 07-cv-00382-GMS |
| | : | |
| PARAMOUNT PICTURES, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 25th day of June, 2007, I caused a true and correct copy of ***Plaintiff's Brief in Opposition to Paramount Picture Corporation's Motion to Transfer Venue*** to be served upon the parties listed below in the manner indicated:

| *Hand Delivery* | *First Class Mail* |
|---|---|
| James C. Carignan, Esq. | Edward T. Attanasio, Esq. |
| Pepper Hamilton, LLP | Klee, Tuchin, Bogdanoff & Stern LLP |
| 1313 Market Street | 1999 Avenue of the Stars, 39th Floor |
| Wilmington, DE  19801 | Los Angeles, CA  90067-5061 |

Dated: June 25, 2007

**DRINKER BIDDLE & REATH LLP**

/s/  Howard A. Cohen
Howard A. Cohen (DE Bar 4082)
1100 N. Market Street, Suite 1000
Wilmington, DE  19801
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

*Attorneys for Edward P. Bond, as*
*Trustee of the DMX Creditors Liquidation Trust*